**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOHN MCNALLY,<br><br>on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br><br>  Defendant. | Case No.: 1:24-CV-00995- JPB |
| KELLY COLLINS,<br><br>on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br><br>  Defendant. | Case No.: 1:24-CV-02138- JPB |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs John McNally and Kelly Collins respectfully move for consolidation of the above-captioned cases (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a). Defendant Infosys McCamish Systems, Inc. ("Defendant") consents to consolidation. For the reasons set forth below, Plaintiffs' Unopposed Motion to Consolidate Cases should be granted, and an initial schedule entered to allow for the efficient prosecution of this litigation.

## I.    INTRODUCTION

Plaintiffs in the Related Actions seek to hold Defendant liable for its alleged disclosure of sensitive personal identifiable information ("PII") belonging to Plaintiff and in excess of 57,000 individuals in a recent data breach (the "Data Breach").[1] The Related Actions are pending in this Court. Consolidation is warranted as each lawsuit arises from the same Data Breach and seeks similar relief on behalf of overlapping putative classes.

## II.    ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.    The Parties and Allegations

Defendant provides services for, *inter alia*, deferred compensation plans, including plans serviced by Bank of America. *See, e.g.*, *McNally* Compl., ¶¶ 22, 33; *Collins* Compl. ¶¶ 1-2. Both Plaintiffs allege that they were participants in such deferred compensation plans serviced by Bank of America. *See, e.g.*, *McNally* Compl., ¶¶ 22, 33; *Collins* Compl. ¶¶ 27, 40. Both Plaintiffs generally allege that Defendant collected the PII of Plaintiffs and putative class members but failed to use reasonable and appropriate security controls to safeguard that PII. *See, e.g.*, *McNally* Compl. ¶¶2, 8; *Collins* Compl. ¶¶ 12, 34.  Plaintiffs allege they received Defendant's notice of data breach (the "Notice") dated in early February, 2024.

---

[1] Defendant disputes the Plaintiffs' contentions, and it has moved to dismiss Plaintiff McNally's Complaint. *See* Doc. 17 of the *McNalley* action. Plaintiffs agree that Defendant is not waiving any of its substantive rights, including any defense to class certification.

*McNally* Compl. ¶¶ 20, 22; *Collins* Compl. ¶¶ 8, 30. The Notice stated that data concerning plans serviced by Bank of America may have been compromised, but that Bank of America's systems were not compromised. *See Collins* Compl. ¶ 30; *see also McNally* Compl. ¶22 (stating that Notice referenced plans serviced by Bank of America). The Notice stated that Defendant learned of the Data Breach on November 3, 2023. *See, e.g.*, *McNally* Compl. ¶51; *Collins* Compl. ¶30.

The Related Actions seek to certify the following classes:

**McNally**:

> All individuals within the United States of America whose PII was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant on November 3, 2023.

*McNally* Compl. ¶51.

**Collins**:

> All individuals whose PII was actually or potentially compromised in the data breach that is the subject of the notice that Defendant sent to Plaintiff and Class Members on or around February 1, 2024 (the "Nationwide Class").

*Collins* Compl. ¶72. Therefore, the defined class in the *Collins* action is within the defined class in the *McNally* action.[2]

---

[2] As the Notice only referenced plans serviced by Bank of America, it is possible that the defined class in *McNally* is broader than the one in *Collins*. For example, the *McNally* class definition might include individuals who participated in plans not serviced by Bank of America and who may have received breach notifications different from the one referenced in *Collins*. *See McNally* Compl. ¶53 (referencing public reports and noting that "the Data Breach caused a disruption to multiple

### B.      Procedural History of Related Actions

### *McNally*

On March 6, 2024, Plaintiff McNally filed his class action lawsuit against Defendant. Plaintiff McNally asserts claims for: (i) negligence; (ii) breach of implied contract; (iii) breach of implied covenant of good faith and fair dealing; and (iv) unjust enrichment.   On behalf of himself and other putative class members, McNally seeks damages and injunctive relief. *See generally* McNally Compl., Prayer for Relief.

On May 6, 2024, Defendant moved to dismiss the complaint in its entirely. [*McNally* Doc. 17]. Under the parties' Joint Motion to Establish Briefing Schedule and Amend Case Schedule entered into by the Parties [Doc. 18], Plaintiff may amend his complaint or oppose the Motion to Dismiss on or before June 5, 2024. [*See* Docket Entry granting Joint Motion on May 14, 2024].   Additionally, the deadlines related to Initial Disclosures, the Rule 26(f) Early Planning Conference, and the Joint Preliminary Plan and Discovery Report are stayed until after the resolution of any motion to dismiss. [*Id.*].

### *Collins*

---

national retirement and insurance provider platforms due to a ransomware attack of Infosys's systems, beginning on November 2.") (internal citations omitted). Regardless, there is significant overlap between the proposed classes.

On May 15, 2024, Plaintiff Collins filed a class action lawsuit against Defendant. Plaintiff Collins asserts claims for: (i) negligence and (ii) declaratory judgment.  Individually and on behalf of the putative class members, Plaintiff Collins seeks, among other things, damages and injunctive relief. *See generally* Collins Compl., Prayer for Relief.   Defendant executed a waiver of the service of summons on May 20, 2024 [*Collins* Doc. 5], and has not yet filed a responsive pleading.

### C.    Proposed Consolidation

Due to the same set of alleged operative facts, similarly defined classes, and similar relief sought, consolidation is appropriate. Plaintiffs propose that the *Collins* action – and any subsequently filed action related to the Data Breach – be consolidated into and proceed under the first filed action, *John McNally, on behalf of himself and all others similarly situated v. Infosys McCamish Systems, Inc.*, Case No. 1:24-CV-00995- JPB.

Further, Plaintiffs request, for the sake of efficiency, that the pending deadlines in the Related Actions be mooted, and for the court to enter a case schedule setting time limits for: 1) interested counsel to apply to serve as interim class counsel in the Related Actions pursuant to Federal Rule of Civil Procedure 23(g), and 2) the filing of a consolidated complaint to serve as a single operative pleading for the consolidated actions.

## III.   THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

### A.   Legal Authority

Federal Rule of Civil Procedure 42 provides a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42 (a)(2); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). A "district court's decision of whether to consolidate actions is purely discretionary." *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01566-ELR, 2022 WL 3702117, at *1 (N.D. Ga. May 12, 2022) (cleaned up) (quoting *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)). The district court should consider: "[1] whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Baker v. City of Atlanta*, No. 1:21-cv-4186-MLB, 2022 WL 18777369, at *1 (N.D. Ga. Mar. 8, 2022) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

**B.    Argument and Authorities**

**1.    The Related Actions Allege Common Factual and Legal Questions**

Each Related Action alleges numerous common facts and legal questions, all arising from one factual event—the Data Breach. The Related Actions each allege, among other things: (i) Defendant breached its duties and obligations to protect Plaintiff's and Class Members' PII, *see, e.g.*, *McNally* Compl. ¶¶ 99, 105; *Collins* Compl. ¶¶ 105-110; (ii) these failures enabled an unauthorized third party to access the PII collected and maintained by Defendant, putting Class Members' PII at risk; *see, e.g.*, *McNally* Compl. ¶¶ 8-9; *Collins* Compl. ¶¶ 5, 18; (iii) and Defendant failed to disclose the full extent of the Data Breach and notify the affected persons in a timely manner. *See, e.g.*, *McNally* Compl. ¶¶108-111; *Collins* Compl. ¶ 110.

There is significant overlap with the claims in the Related Actions; namely, each Plaintiff asserts a claim for negligence arising out of Defendant's conduct with respect to the Data Breach.[3] These claims are asserted on a class-wide basis,

---

[3] Although McNally also asserts a number of contractual or quasi-contractual claims, these claims of breach are likewise grounded in Defendant's conduct related to data security and the Data Breach. *See* McNally Compl. ¶130 ("Defendant breached its implied contracts with Plaintiff and Class Members by failing to safeguard and protect their PII…"); *id.* ¶137 (similar for implied covenant of good faith and fair dealing); *id.* ¶144 (McNally's unjust enrichment claim alleging that "[b]y its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Plaintiff and Class Members by not ensuring that Plaintiff's PII was sufficiently secure."). And although Collins asserts a stand-alone claim for declaratory judgment, both actions

on behalf of similarly defined classes, against the same Defendant, and seeking the same type of relief. Such common issues make consolidation appropriate. *See Bedont*, 2022 WL 3702117, at *2 (court consolidated data breach cases where "[a]ll of the cases stem from the same breach" and "generally allege the same causes of action"); *see also McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases despite "slight distinctions in proposed class definitions and specific causes of action").

### 2.   The *Hendrix* Factors Support Consolidation

Applying the relevant factors from the Eleventh Circuit opinion in *Hendrix* further supports the consolidation of the Related Actions.

#### a.   *Factor 1: The Cases Face the Risk of Inconsistent Adjudications*

Given these allegations and at this posture, "[t]here is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately." *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210-FtM-99MRM, 2016 U.S. LEXIS 105791, at *13 (M.D. Fl. Jul. 21, 2016). As each lawsuit seeks certification of similar classes related to the Data Breach, consolidation lessens the risk of inconsistent or duplicative decisions. *See*

---

seek declaratory and injunctive relief on behalf of the proposed classes. *See, e.g.,* McNally Compl. ¶¶49, 120, and Prayer for Relief, and Collins Compl. ¶¶121-22.

*id.* at *14 (finding risks of prejudice and possible confusion due to varying class definitions and claims "are overborne by the risk of inconsistent adjudications of common factual and legal issues.")

Moreover, both cases are at the pleading stage. "Thus, this is not a case where consolidation will result in the delay of an otherwise trial-ready action." *McDonald*, 2021 WL 931599, at *4. The parties and proposed classes will experience little prejudice and delay, if any, by consolidating these cases. Therefore, this factor favors consolidation. *See id.* at *3 (consolidation appropriate to avoid largely duplicative requests for class certification).

> b.      ***Factor 2: The Burden Posed by Multiple Lawsuits is Substantial***

Next, the burden on the Parties, the witnesses, and judicial resources will be substantially reduced by consolidation. This is evidenced by the fact that no party opposes consolidation. *See Kavra*, 2017 WL 10295953, at *1 ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."); *Bedont*, 2022 WL 3702117, at *2. Consolidation will allow Plaintiffs to jointly prosecute the case, share discovery documents, and avoid the possibility of overlapping classes and/or inconsistent adjudication. Likewise, for Defendant, consolidation may prevent duplicative motion practice, and (if applicable), discovery requests, depositions, and trials. By conserving the time and resources of the Court and the parties, the second *Hendrix* factor also weighs in favor of consolidation. *See*

*Bedont*, 2022 WL 3702117, at *2; *see also Baker*, 2022 WL 18777369, at *2; *Gabbard v. Elec. Ins. Co.*, No. 8:22-CV-384-TPB-AAS, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022) ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge.").

### c.   *Factor 3: Litigating Separate Actions Would Require More Time than Litigating a Consolidated Action*

Litigating multiple separate actions versus one consolidated action would take substantially more time for the Court and the Parties. Thus, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*, 2016 WL 9383330, at *3.

### d.   *Factor 4: The Expense of Multiple Trials Supports Consolidation*

"Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in [multiple] separate cases." *Id.*; *see also Baker*, 2022 WL 18777369, at *2. Thus, this factor also supports consolidation.

## IV.   THE COURT SHOULD ENTER A PRELIMINARY SCHEDULE

To provide for the efficient prosecution of the consolidated litigation, Plaintiffs respectfully request that the Court enter an order mooting the pending deadlines in the Related Actions and providing for applications for interim class

counsel pursuant to Fed. R. Civ. P. 23(g). *See* Manual of Complex Litigation, Fourth, § 21.11 (discussing use of initial case management orders to, among other things, appoint interim class counsel). Plaintiffs request entry of – and Defendant does not oppose – the following schedule:

- Plaintiffs to file applications for interim class counsel within 10 days of an order consolidating the Related Actions.[4]

- Plaintiffs to file a consolidated complaint 30 days after a ruling on the application to appoint interim class counsel;

- Defendant to answer or otherwise respond to the consolidated complaint 45 days after its filing;

- Plaintiffs to file any response to any motion practice related to the consolidated complaint within 30 days;

- Defendant to file any reply within 30 days of Plaintiffs' response;

- The deadlines for Initial Disclosures, the Rule 26(f) Early Planning Conference, and the Joint Preliminary Report and Discovery Plan (which shall address the Parties' proposed deadline for the filing of a

---

[4] Plaintiff's counsel will engage in good faith efforts at "private ordering" to propose agreed-upon class counsel to the Court. *See* Manual of Complex Litigation, Fourth, § 21.272. To the extent that "more than one lawyer seeks the appointment …the court's task is to select the applicant best able to represent the interests of the class." *Id*. at § 21.271.

class certification motion) are stayed pending resolution of any

motion to dismiss filed by Defendant; and

- All other pending deadlines in the Related Actions are moot.

## V.    CONCLUSION

For the reasons set forth above, consolidation and the entry of a preliminary

scheduling order in the consolidated cases is appropriate.  A proposed order for the

Court's consideration is attached hereto as Exhibit A.

Dated: June 3, 2024.                    Respectfully Submitted,

/s/ J. Cameron Tribble
J. Cameron Tribble
Ga. Bar. No. 754759
THE BARNES LAW GROUP, LLC
31 Atlanta Street Marietta, GA 30060
Telephone: (770) 227-6375
Facsimile: (770) 227-6373
Email: ctribble@barneslawgroup.com

*Local Counsel for Plaintiff McNally and the
Proposed Class*

LAUKAITIS LAW LLC
Kevin Laukaitis (Admitted *Pro Hac Vice*)
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Telephone: (215) 789-4462
Email: klaukaitis@laukaitislaw.com

*Counsel for Plaintiff McNally and the
Proposed Class*

Patrick A. Barthle II
Florida Bar No. 99286
pbarthle@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708

Gregory Bosseler
**MORGAN & MORGAN, P.A.**
191 Peachtree Street N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Email: gbosseler@ForThePeople.com

Ryan D. Maxey
**MAXEY LAW FIRM, P.A.**
107 N. 11th St. #402
Tampa, Florida 33602
(813) 448-1125
ryan@maxeyfirm.com

*Counsel for Plaintiff Collins and the Proposed Class*

## <u>CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE</u>

Pursuant to Local Rule 5.1C, ND Ga. I hereby certify that on this date I electronically filed the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

Dated: June 3, 2024.

*/s/ J. Cameron Tribble*
J. Cameron Tribble, Georgia Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Fax: 770-227-6373
E-Mail: roy@barneslawgroup.com
E-Mail: ctribble@barneslawgroup.com

*Counsel for McNally Plaintiff*

14