# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN MCNALLY, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br>    Defendant. | CASE NO.:  1:24-cv-00995-JPB |
| DEANA LINDLEY, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br>    Defendant. | CASE NO.:  1:24-cv-03024-JPB |
| PEGGY A. WILLIAMS<br>    Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br>    Defendant. | CASE NO.:  1:24-cv-03124-JPB |

| | |
|---|---|
| PATRICIA A. KENNEMUR, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br>    Defendant. | CASE NO.: 1:24-cv-03252-JPB |
| NATHANIEL SEIBERT, on behalf of himself and on behalf of all other similarly situated individuals,<br>    Plaintiff,<br><br>v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br>    Defendant. | CASE NO.: 1:24-cv-03302-JPB |

**DEFENDANT INFOSYS MCCAMISH SYSTEMS, LLC'S UNOPPOSED MOTION TO CONSOLIDATE CASES AND <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>**

Ben W. Thorpe (Ga. Bar 874911)
Ronan P. Doherty (Ga. Bar 224885)
Amanda D. Bradley (Ga. Bar 560602)
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree St. NW #3900
Atlanta, GA 30309

Caz Hashemi (*pro hac vice* in *McNally*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304

*Counsel for Infosys McCamish Systems, LLC*
*(Additional counsel listed on signature page)*

2

Defendant Infosys McCamish Systems, LLC ("McCamish") respectfully moves to consolidate the above-captioned cases (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) and to close *Lindley*, *Williams*, *Kennemur*, and *Seibert*. Plaintiffs do not oppose consolidation. For the reasons set forth below, McCamish's Unopposed Motion to Consolidate should be granted.[1]

## MEMORANDUM IN SUPPORT

**I.  BACKGROUND**

Plaintiffs in various actions separately sued McCamish in connection with a recent cyber incident (the "Incident"). The Court has already consolidated two actions: *McNally v. Infosys McCamish Sys., LLC*, No. 1:24-cv-00995-JPB (N.D. Ga. filed Mar. 6, 2024), and *Collins v. Infosys McCamish Sys., LLC*, No. 1:24-cv-02138-JPB (N.D. Ga. filed May 15, 2024).

Four additional related actions filed after that consolidation are now pending in this Court. *See Lindley v. Infosys McCamish Sys., LLC*, No. 1:24-cv-03024-JPB (N.D. Ga. filed July 8, 2024); *Williams v. Infosys McCamish Sys., LLC*, No. 1:24-cv-03124-JPB (N.D. Ga. filed July 15, 2024); *Kennemur v. Infosys McCamish Sys., LLC*, No. 1:24-cv-03252-JPB (N.D. Ga. filed July 23, 2024); *Seibert v. Infosys*

---

[1] In a concurrently-filed unopposed motion, McCamish also requests that the Court stay all pending deadlines in *Lindley*, *Williams*, *Kennemur*, and *Seibert* pending resolution of this motion to consolidate, as interim relief in light of upcoming deadlines.

1

*McCamish Sys., LLC*, No. 1:24-cv-03302-JPB (N.D. Ga. filed July 25, 2024). Consolidation is warranted as the new actions arise from the same Incident and seek similar relief.

### A. The Parties and Allegations

McCamish provides services to large financial institutions. *See McNally* Compl. ¶ 33; *Lindley* Compl. ¶ 2; *Kennemur* Compl. ¶ 6; *Seibert* Compl. ¶¶ 20-21, 163. The complaints in *McNally*, *Lindley*, *Williams*, *Kennemur*, and *Seibert* allege similar factual bases for Plaintiffs' claims:

- All Plaintiffs allege that McCamish held their personally identifiable information ("PII"). *See, e.g.*, *McNally* Compl. ¶¶ 22, 33, 57; *Lindley* Compl. ¶ 27; *Williams* Compl. at 4 & Attch. A; *Kennemur* Compl. ¶¶ 10, 28; *Seibert* Compl. ¶¶ 122-25.

- All Plaintiffs generally allege that McCamish failed to use reasonable and appropriate security controls to safeguard that PII. *See, e.g.*, *McNally* Compl. ¶¶ 2, 8; *Lindley* Compl. ¶ 238; *Williams* Compl. at 4 & Attch. A; *Kennemur* Compl. ¶¶ 66-67; *Seibert* Compl. ¶¶ 1, 26-29.

- All Plaintiffs allege that they suffered similar injuries resulting from the Incident. *See McNally* Compl. ¶ 22; *Lindley* Compl. ¶ 158; *Kennemur* Compl. ¶ 76; *Seibert* Compl. ¶ 109.

- Most Plaintiffs allege they received notice about the Incident (the "Notice"). *See McNally* Compl. ¶¶ 20, 22; *Lindley* Compl. ¶ 31; *Kennemur* Compl. ¶ 12; *Seibert* Compl. ¶ 14. The Notice stated that McCamish experienced a cybersecurity event on or around November 2023. *See McNally* Compl. ¶ 51; *Lindley* Compl. ¶ 31; *Kennemur* Compl. ¶ 12; *Seibert* Compl. ¶ 31.

Four of the five Related Actions purport to be brought on behalf of the same or overlapping classes. The alleged classes are as follows:

> All individuals within the United States of America whose PII was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant on November 3, 2023.

*McNally* Compl. ¶ 35.

> All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant in June 2024 (the "Class").

*Lindley* Compl. ¶ 164.

> All persons whose PII was maintained on Defendant's servers and was compromised in the Data Breach.

*Kennemur* Compl. ¶ 53.

> All persons who were sent a Notice of Data Breach Letter from [McCamish] after the Data Breach.

*Seibert* Compl. ¶ 111.

The putative classes in *Lindley*, *Kennemur*, and *Seibert* thus substantially or entirely overlap with the putative class in *McNally*. The remaining action, *Williams*, is asserted on behalf of a single individual but concerns the same Incident, makes similar allegations, and requests similar relief.

### B.     Procedural History of Related Actions

#### 1.     *McNally* and *Collins*

On March 6, 2024, Plaintiff McNally filed a putative class action lawsuit against McCamish. McNally asserted claims for: (i) negligence; (ii) breach of implied contract; (iii) breach of implied covenant of good faith and fair dealing; and (iv) unjust enrichment. On behalf of himself and other putative class members, McNally seeks damages and injunctive relief. *See generally McNally* Compl., Prayer for Relief.

On May 15, 2024, Plaintiff Collins filed a similar putative class action lawsuit against McCamish. Collins asserted claims for: (i) negligence and (ii) declaratory judgment. Individually and on behalf of the putative class members, Collins seeks, among other things, damages and injunctive relief. *See generally Collins* Compl., Prayer for Relief.

The Court consolidated *Collins* into *McNally* under Federal Rule of Civil Procedure 42(a) and closed *Collins*, finding that the "two actions involve common questions of law and fact." Order, *McNally*, No. 1:24-cv-00995-JPB (N.D. Ga. June

4, 2024), ECF No. 21. The Court set a schedule, including deadlines for applications to appoint interim class counsel, a consolidated complaint, and motion-to-dismiss briefing. *See* Order, *McNally*, No. 1:24-cv-00995-JPB (N.D. Ga. June 4, 2024), ECF Nos. 19-1, 21. The Court also stayed deadlines for Initial Disclosures, the Rule 26(f) Early Planning Conference, and the Joint Preliminary Plan and Discovery Report until after the resolution of any motion to dismiss, and vacated all other deadlines. *See id.*

On June 14, 2024, Plaintiffs McNally and Collins filed a motion to appoint interim class counsel. *See McNally*, No. 1:24-cv-00995-JPB (N.D. Ga. June 14, 2024), ECF No. 22.

### 2.   *Lindley*

On July 8, 2024, Plaintiff Lindley filed a putative class action lawsuit against McCamish. Lindley asserted claims for (i) negligence, (ii) negligence per se, (iii) breach of third-party beneficiary contract, (iv) unjust enrichment, and (v) declaratory relief. On behalf of herself and putative class members, Lindley seeks, among other things, damages and injunctive relief. *See generally Lindley* Compl., Prayer for Relief. McCamish waived service of process on July 15, 2024, making its responsive pleading deadline September 9, 2024.

Lindley initially sought to intervene in *McNally* to extend the deadline to file applications for interim class counsel. *See McNally*, No. 1:24-cv-00995-JPB (N.D.

5

Ga. July 9, 2024), ECF No. 23. Shortly thereafter, Lindley withdrew that motion and filed an amended motion to appoint interim class counsel with McNally and Collins. *See McNally*, No. 1:24-cv-00995-JPB (N.D. Ga. July 15, 2024), ECF No. 25. That motion remains pending. In it, McNally, Collins, and Lindley expressed their agreement that *Lindley* should be consolidated into *McNally*. *See id.*

### 3.   *Williams*

On July 15, 2024, pro se Plaintiff Williams filed a lawsuit against McCamish. Williams asserted claims that appear to sound in negligence. *See Williams* Compl. at 4 & Attch. A. Williams seeks damages, equitable, and other appropriate relief. *See id*. Although McCamish offered to waive service, Williams purported to serve the complaint and summons on McCamish on July 22, 2024,[2] which would make McCamish's responsive pleading deadline August 12, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

### 4.   *Kennemur*

On July 23, 2024, Plaintiff Kennemur filed a putative class action lawsuit against McCamish. Kennemur asserted claims for (i) negligence/negligence per se, (ii) invasion of privacy, and (iii) unjust enrichment. On behalf of herself and putative class members, Kennemur seeks damages and other appropriate relief. *See*

---

[2] Service was defective because the summons purportedly served on McCamish was not signed by the Clerk and does not bear the Court's seal. *See* Fed. R. Civ. P. 4(a)(1). McCamish has continued to offer to waive service.

*generally Kennemur* Compl., Prayer for Relief. Kennemur formally served McCamish on July 25, 2024, making McCamish's responsive pleading deadline August 15, 2024. *See Kennemur*, No. 1:24-cv-03252-JPB (N.D. Ga. July 26, 2024), ECF No. 10.

### 5. *Seibert*

On July 26, 2024, Plaintiff Seibert filed a putative class action lawsuit against McCamish. Seibert asserted claims for (i) negligence, (ii) negligence per se, (iii) breach of third-party beneficiary contract, (iv) unjust enrichment, and (v) declaratory and injunctive relief. He seeks damages and other injunctive relief on behalf of himself and the putative class members. *See generally Seibert* Compl., Prayer for Relief. Seibert formally served McCamish on July 31, 2024, making McCamish's responsive pleading deadline August 21, 2024. *See Seibert*, No. 1:24-cv-03302-JPB (N.D. Ga. Aug. 2, 2024), ECF No. 8.

### C.   Proposed Consolidation

Because the Related Actions concern the same set of alleged operative facts, similarly defined classes, and similar relief sought, consolidation is appropriate. McCamish proposes that the *Lindley*, *Williams*, *Kennemur*, and *Seibert* actions be closed and consolidated into and proceed under the first filed action, *McNally v. Infosys McCamish Sys., Inc.*, No. 1:24-cv-00995-JPB (N.D. Ga. filed Mar. 6, 2024). The *McNally* and *Collins* plaintiffs have already submitted to this Court that related

actions should be consolidated with *McNally*, *see McNally*, ECF No. 19 at 5, and counsel for Lindley has likewise agreed that *Lindley* should be consolidated, *see McNally*, ECF No. 25. Moreover, plaintiff Williams and counsel for the remaining plaintiffs (*McNally*, *Collins*, *Lindley*, *Kennemur*, and *Seibert*) authorized defense counsel to represent that they do not oppose consolidation of *Lindley*, *Williams*, *Kennemur*, and *Seibert* into *McNally*.

## II.    ARGUMENT

### A.    Legal Standards

Federal Rule of Civil Procedure 42 provides a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42 (a)(2); *Kavra Health Ins. Innovations, Inc.*, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). A "district court's decision of whether to consolidate actions is purely discretionary." *Bedont v. Horizon Actuarial Servs., LLC*, 2022 WL 3702117, at *1 (N.D. Ga. May 12, 2022) (alterations and internal quotation marks omitted) (quoting *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)).

The Court should consider "[1] whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all

concerned of the single-trial, multiple-trial alternatives." *Baker v. City of Atlanta*, at *2 (N.D. Ga. Mar. 8, 2022) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

### B. The Related Actions Allege Common Factual and Legal Questions

Each Related Action alleges numerous common facts and legal questions, all arising from one factual event—the Incident. The Related Actions each allege, among other things:

- McCamish did not do enough to protect the plaintiff's PII. *See, e.g.*, *McNally* Compl. ¶¶ 99, 105; *Lindley* Compl. ¶¶ 40-49, 238; *Williams* Compl. at 4 & Attch. A; *Kennemur* Compl. ¶¶ 66-67; *Seibert* Compl. ¶¶ 37, 89-90.

- An unauthorized third party gained access to the PII maintained by McCamish, putting the plaintiff's PII at risk. *See, e.g.*, *McNally* Compl. ¶¶ 8-9; *Lindley* Compl. ¶¶ 12-13, 16; *Williams* Compl. at 4 & Attch. A; *Kennemur* Compl. ¶¶ 28-20, 69-73; *Seibert* Compl. ¶¶ 30, 103.

- McCamish failed to timely disclose the full extent of the Incident and notify the affected persons. *See, e.g.*, *McNally* Compl. ¶¶ 108-11; *Lindley* Compl. ¶ 193; *Williams* Compl. at 4 & Attch. A; *Kennemur* Compl. ¶¶ 25-26; *Seibert* Compl. ¶¶ 140-41.

There is also substantial overlap among the claims asserted in the Related Actions. All, for example, assert negligence. Many also include claims for breach of contract, unjust enrichment, and declaratory relief. The claims in *McNally*, *Lindley*, *Kennemur*, and *Seibert* are asserted on a class-wide basis, on behalf of similarly defined classes, against the same defendant, and seeking the same type of relief. Such common issues make consolidation appropriate. *See Bedont*, 2022 WL 3702117, at *2 (court consolidated data breach cases where "[a]ll of the cases stem from the same data breach" and "generally allege the same causes of action"); *McDonald v. PaperlessPay Corp.*, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases despite "slight distinctions in proposed class definitions and specific causes of action").[3]

### C. The *Hendrix* Factors Support Consolidation

Applying the relevant factors from the Eleventh Circuit opinion in *Hendrix* further supports the consolidation of the Related Actions.

#### 1. Multiple Actions Risk Inconsistent Adjudications

Given these allegations and at this posture, "[t]here is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are

---

[3] *See also, e.g.*, *Jonas v. Advance Stores Co., Inc.*, 2023 WL 5718629, at *4 (E.D.N.Y. Sept. 5, 2023) (consolidating class action lawsuit with case filed by pro se plaintiff); *Cannataro v. Portland Gen. Elec. Co.*, 2020 WL 12800744, at *4 (D. Or. Nov. 10, 2020) (similar.)

allowed to proceed separately." *Kaplan v. 21st Century Oncology Holdings, Inc.*, 2016 WL 9383330, at *2 (M.D. Fl. July 21, 2016). As each putative class action lawsuit seeks certification of similar classes related to the Incident, consolidation lessens the risk of inconsistent or duplicative decisions. *See id.* (finding risks of prejudice and possible confusion due to varying class definitions and claims "are overborne by the risk of inconsistent adjudications of common factual and legal issues").

Moreover, all cases are at the pleading stage. "Thus, this is not a case where consolidation will result in the delay of an otherwise trial-ready action." *McDonald*, 2021 WL 931599, at *4. The parties and proposed classes will experience little prejudice and delay, if any, by consolidating these cases. Therefore, this factor favors consolidation. *See id.* at *3 (consolidation appropriate to avoid largely duplicative requests for class certification).

### 2. Multiple Actions Impose Substantial Burdens

Next, the burden on the parties, the witnesses, and judicial resources will be substantially reduced by consolidation. This is evidenced by the fact that no party opposes consolidation. *See Kavra*, 2017 WL 10295953, at *1 ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."); *Bedont*, 2022 WL 3702117, at *2. Consolidation may prevent duplicative motion practice and (if applicable) discovery requests, depositions, and trials. By conserving the

11

time and resources of the Court and the parties, the second *Hendrix* factor also weighs in favor of consolidation. *See Bedont*, 2022 WL 3702117, at *2; *Baker*, 2022 WL 18777369, at *2; *Gabbard v. Elec. Ins. Co.*, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022) ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge.").

### 3.    Multiple Actions Waste Time

Litigating multiple separate actions versus one consolidated action would take substantially more time for the Court and the parties. Thus, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*, 2016 WL 9383330, at *3.

### 4.    Multiple Actions Are Substantially More Expensive

"Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in [multiple] separate cases." *Id.*; *see also Baker*, 2022 WL 18777369, at *2. Thus, this factor also supports consolidation.

### CONCLUSION

For these reasons, the Court should consolidate the Related Actions and close *Lindley*, *Williams*, *Kennemur*, and *Seibert*.

12

Dated: August 7, 2024    Respectfully submitted,

BONDURANT, MIXSON & ELMORE, LLP

*/s/ Ben W. Thorpe*
Ben W. Thorpe (Ga. Bar No. 874911)
Ronan P. Doherty (Ga. Bar No. 224885)
Amanda D. Bradley (Ga. Bar No. 560602)
1201 W. Peachtree St. NW #3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
bthorpe@bmelaw.com
doherty@bmelaw.com
bradley@bmelaw.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Caz Hashemi (*pro hac vice* in *McNally*)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
chashemi@wsgr.com

Paul Watford (*pro hac vice* in *McNally*)
Eric Tuttle (*pro hac vice* in *McNally*)
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
pwatford@wsgr.com
eric.tuttle@wsgr.com

John Karin (*pro hac vice* in *McNally*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
jkarin@wsgr.com

*Counsel for Defendant*
*Infosys McCamish Systems, LLC*

## **CERTIFICATE OF COMPLIANCE**

The counsel below hereby certifies that this document was prepared in Times New Roman 14-point font, double spaced, with margins of not less than 1 inch.

Dated:  August 7, 2024

                                 */s/ Ben W. Thorpe*
                                 Ben W. Thorpe

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the above document to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such document to all counsel of record.

In accordance with the Court's standing order Section II.d.ii, I also caused to be served a true and correct copy of the foregoing document to Plaintiff Williams, proceeding *pro se*, via physical mail and electronic mail at the following addresses:


Peggy A. Williams
P.O. Box 21971
San Jose, CA 95151
pawwil@yahoo.com


Dated: August 7, 2024

                                      */s/ Ben W. Thorpe*
                                      Ben W. Thorpe