IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOHN MCNALLY, *et al.*, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INFOSYS MCCAMISH SYSTEMS, LLC, <br><br> Defendant. | Case No. 1:24-CV-00995-JPB |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement between the Settlement Class Representatives and Defendant Infosys McCamish Systems, LLC ("Defendant") (collectively, referred to herein as the "Parties"). The Settlement Agreement with accompanying exhibits is attached as Exhibit 1 to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

---

[1] All capitalized or defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **<u>Class Certification for Settlement Purposes Only.</u>** The Settlement Agreement provides for a Settlement Class defined as follows:

All persons residing in the United States whose Personal Information was compromised in the Data Breach, including the approximately 3.7 million individuals who were sent individualized, statutory notice of the Data Breach. Excluded from the Settlement Class are the judges presiding over the Litigation and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to <u>Federal Rule of Civil Procedure 23(e)(1)</u>, the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and the Settlement Class Representatives

seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **Settlement Class Representatives and Settlement Class Counsel.** The Court finds that Plaintiffs John McNally, Jonathan Ayres, Kelly Collins, Debora Fisk, Patricia Kennemur, Deana Lindley, Vivian Lindley, Joyce Newman, David Owens, Chianti Prosser, Mohamad Raychouni, Nathaniel Seibert, Josh Strock, and Kevin Williams will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representatives. Additionally, the Court finds that Patrick Barthle II of Morgan & Morgan Complex Litigation Group, Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Kevin Laukaitis of Laukaitis Law LLC, and J. Cameron Tribble of Barnes Law Group, LLC satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms'-length negotiations between the Parties, and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, that the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held at 10:00 AM on December 18, 2025, at Courtroom 1908, United States District Court, 75 Ted Turner Driver SW Atlanta, Georgia 30303-3309, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally

approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for a Fee Award and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) whether Service Awards should be made to named Settlement Class Representatives.

6.     **Settlement Administrator.** The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

Defendant previously engaged an affiliate of Kroll to assist with providing notice of the Data Breach (the "Engagement"). Kroll and its affiliates will establish a wall between the personnel and information related to the Engagement, on the one hand, and the personnel and information related to Kroll's service as the Settlement Administrator, on the other hand, which will prevent any confidential information received as a result of the Engagement from being used in connection with Kroll's service as the Settlement Administrator. The wall will not prevent Defendant from providing the Settlement Class List to Kroll. Kroll's service as the Settlement

Administrator will not have any effect on discovery with respect to Kroll or its affiliates with respect to the Engagement, should there ever be such discovery. For example, it will not constitute a waiver of any privilege that may apply to communications between Defendant or its affiliates, attorneys, or agents and Kroll or its affiliates relating to the Engagement.

7. **Notice.** The proposed notice program set forth in the Settlement Agreement and Claim Form, Long Notice, and Short Notice attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to

receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States and Georgia Constitutions. The Court further finds that the notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreement.

9.      **Class Action Fairness Act Notice.** Within ten (10) days after the filing of this Settlement Agreement with the Court, Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely and appropriately submit valid written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Long Notice. The written notice must (i) state a full name, current address, and telephone number; (ii) contain the Settlement Class Member's signature; (iii) contain a clear statement communicating that the Settlement Class Member elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects

to be excluded from any judgment entered pursuant to the Settlement; and (iv) be postmarked on or before the Opt-Out Deadline. To be effective, such Requests for Exclusion must be postmarked no later than the Opt-Out Deadline, which shall be designated as sixty (60) Days after the Notice Date.

If Defendant voids the Settlement Agreement according to its terms, (1) Defendant will be obligated to pay the Administration and Notice Costs incurred up to the date the right to cancel or terminate is exercised; and (2) any amount remaining in the Escrow Account will be refunded to Defendant.

The Settlement Administrator shall, within ten (10) days of the Opt-Out Deadline, furnish to Class Counsel and to Defendant's Counsel a complete list of all timely and valid Requests for Exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement Agreement.

11. **<u>Objections and Appearances.</u>** A Settlement Class Member (who does not submit a timely written Request for Exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by

the Objection Date and as stated in the Long Notice. The Long Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator, with a copy sent to Class Counsel and Defendant's Counsel at the addresses indicated in the Long Notice, or, if represented by counsel, to file their objection with this Court. The Long Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's signature; (iii) state that the objector has reviewed the Settlement Class definition and understands that they are a Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement in whole or in part; (v) set forth a statement of the specific legal and factual basis or bases for the objection, including whether each objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and including any evidence or legal authority the Settlement Class Member wishes to bring to the Court's attention; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of their position; and (vii) state whether the Settlement Class Member intends to appear at the Final Approval Hearing.

The submission of an objection allows Class Counsel and Defendant's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make themselves available for a deposition or comply with expedited discovery requests may result in the Court striking and/or overruling the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendant's Counsel by the Objection Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the Final Order and Judgment approving the Settlement

Agreement, or the Final Order and Judgment to be entered upon Final Approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.  **Claims Process.** Class Counsel and Defendant's Counsel have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Long Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Long Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Long Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.  **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court

entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (a) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (c) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

14.     **Use of Order.** This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant or any Released Party of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a

waiver by any Party or Released Party of any defense or claims they may have in this Action or in any other lawsuit.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed.

17. **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Date |
| --- | --- |
| Defendant will deposit $2,500,000 into the Escrow Account | 30 Days after Preliminary Approval |
| Defendant provides Settlement Class List to the Settlement Administrator | 14 Days after Preliminary Approval |
| Notice Date | 45 Days after Preliminary Approval |
| Objection Deadline and Opt-Out Deadline | 60 Days after the Notice Date |
| Class Counsel's Motion for Fee Award and Expenses, and Settlement Class Representatives' Service Awards | 14 Days before the Objection Deadline and the Opt-Out Deadline. |

| | |
|---|---|
| Motion for Final Approval, and Response to Any Objections | 14 Days before the Final Approval Hearing |
| Claims Deadline | 90 Days after the Notice Date |
| Final Approval Hearing | No less than 150 Days after Preliminary Approval |
| Settlement Class Representatives and Plaintiffs' Counsel must voluntarily dismiss with prejudice each action in the Litigation | 10 Days after the Effective Date |
| Defendant will deposit the balance of the Settlement Fund after deducting $2,500,000 and the costs of the CAFA Notice into the Escrow Account | 30 Days after the Effective Date |

**SO ORDERED** this 16th day of July, 2025.

_____
J. P. BOULEE
United States District Judge