UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN MCNALLY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INFOSYS MCCAMISH SYSTEMS, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:24-CV-00995-JPB |

## **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, [Doc. 73], and Plaintiffs' Motion for Attorneys' Fees, Litigation Costs and Service Awards, [Doc. 60]. The Court has reviewed the Motions and the Settlement Agreement ("Settlement Agreement") entered into between Defendant Infosys McCamish Systems, LLC ("Defendant" or "Infosys") and Plaintiffs John McNally, Jonathan Ayres, Kelly Collins, Debora Fisk, Patricia Kennemur, Deana Lindley, Vivian Lindley, Joyce Newman, David Owens, Chianti Prosser, Mohamad Raychouni, Nathaniel Seibert, Josh Strock and Kevin Williams both individually and on behalf of the Settlement Class. The Court hereby **GRANTS** the Motions and finds as follows:

1. The Court, for purposes of this Final Approval Order, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves and orders the releases and other provisions in Section 14 of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and the Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Settling Parties.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Settlement Class Representatives against Infosys in the Action, without costs and fees except as explicitly provided for in the Settlement Agreement. The Settlement Class Case Representatives are ordered to voluntarily dismiss with prejudice each other action included in the Litigation against Defendant's Customers no later than ten (10) days after the Effective Date.

7. No Settlement Class Members have objected to the Settlement. All Settlement Class Members are forever barred from raising any objection to the Settlement. One Settlement Class Member (Consolidated Plaintiff Peggy Williams) filed a Motion to Object to Proposed Settlement, but it is now moot since she has indicated that she has opted out and will no longer participate in the class Settlement. See, e.g., [Doc. 74]. Additionally, one Class Member submitted a letter [Doc. 57] – not explicitly an objection – which did not follow the procedures set forth for objections in the Settlement Agreement and Notice. See [Doc. 49-2, pp. 78–79]. Therefore, the Court does not consider it to be a proper objection. Even if the Court construed this letter to be an objection, the Court would overrule it. The letter asks the Court to "take into

consideration several things" related to proving breach, causation and damages, as well as the amount of attorneys' fees that could be sought under the Settlement. [Doc. 57]. The questions raised by this Class Member highlight the risks of continued litigation, supporting final approval of the Settlement Agreement. Further, by way of its Claims Administration Protocol, the Settlement provides an efficient way for Settlement Class Members to make claims for any monetary damages they have incurred, to seek a residual cash payment without documentation and to claim credit monitoring. Additionally, for the reasons set forth herein and in Plaintiffs' request for attorneys' fees, [Doc. 60], the requested fees are fair and reasonable under the applicable legal standards as a percentage of this non-reversionary Settlement Fund.

8. The Court grants Plaintiffs' Motion for Attorneys' Fees, Litigation Costs and Service Awards [Doc. 60]. The Court awards Class Counsel $5,833,333.33 in attorneys' fees and reimbursement of litigation expenses of $45,281.57, as well as Service Awards of $2,500 to Settlement Class Representatives to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair

and reasonable. Class Counsel, in their sole discretion, may allocate attorneys' fees to the other members of Plaintiffs' Counsel.

9. On July 16, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement [Doc. 55] ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses. The Court's Preliminary Approval Order approved the Short Notice, Long Notice and Claim Form, and found the mailing, distribution and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

10. The Court finds that the distribution of the notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the notice to the Settlement Class complied with Fed. R. Civ. P. 23 and due process.

11. The Court grants final approval to its appointment Plaintiffs John McNally, Jonathan Ayres, Kelly Collins, Debora Fisk, Patricia

Kennemur, Deana Lindley, Vivian Lindley, Joyce Newman, David Owens, Chianti Prosser, Mohamad Raychouni, Nathaniel Seibert, Josh Strock and Kevin Williams as Settlement Class Representatives.  The Court finds for settlement purposes that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Settlement Class and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class.

12. The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order, appointing Patrick Barthle II of Morgan & Morgan Complex Litigation Group, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Kevin Laukaitis of Laukaitis Law LLC and J. Cameron Tribble of Barnes Law Group, LLC.

13. The Court certifies the following Settlement Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:  All persons residing in the United States whose Personal Information was compromised in the Data Breach, including the approximately 3.7

million individuals who were sent individualized, statutory notice of the Data Breach.  Excluded from the Settlement Class are the judges presiding over the Litigation and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

14. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that:  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the Settlement Class Representatives have standing in this action and their claims are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any

questions affecting only individual members; (f) the Settlement Class is ascertainable and the identity of its members are ascertainable from Defendant's records; and (g) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

15. The Court, having considered the negotiation of, the terms of and all of the materials submitted concerning the Settlement Agreement; having considered the Settlement Class Representatives' and the Settlement Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Infosys could prevail on one or more of its defenses; having considered the range of the Settlement Class Representatives' possible recovery (and that of the Settlement Class) and the complexity, expense and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. The Settlement Class Representatives and Class Counsel have adequately represented the proposed Settlement Class;

b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for the Settlement Class Representatives and Defendant;

c. the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under the Settlement reasonable under the circumstances;

d. it is possible the proposed Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Infosys could defeat class certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Settling Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Settlement Class Representatives and Class Counsel determining that it is in the best interest of the Settlement Class Members;

g.  the aggregate consideration for the Settlement Class—including the Settlement Fund, which Infosys shall cause to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and

h.  the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable and adequate resolution of the Litigation.  Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. The Settlement Class Members who did not opt-out of the Settlement pursuant to the terms of the Settlement Agreement and Preliminary Approval Order are bound by this Final Approval Order.  The Settlement Agreement and its terms shall have res judicata and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

16. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement.

17. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as or deemed to be evidence of, an admission by or against Infosys or the Released Parties of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law or any liability of any kind on the part of Infosys or the Released Parties of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

18. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Infosys or the Released Parties, or that the Settlement Class Representatives, any Settlement Class Member, or any other person has suffered any damage due to the Data Breach. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Infosys, the Released

Parties, Class Counsel or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

19. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Infosys or the Released Parties that the Settlement Class Representatives' claims or any similar claims are suitable for class treatment.

20. The Court finds that Defendant has complied with the requirements in the Preliminary Approval Order, the Settlement Agreement and 28 U.S.C. § 1711 *et seq.* to serve the CAFA Notice.

**SO ORDERED** this 18th day of December, 2025.

J. P. BOULEE
United States District Judge